IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID LEE SMITH, #10445     PLAINTIFF

VERSUS     CIVIL ACTION NO. 5:10-cv-102-DCB-MTP

ISADORE W. PATRICK, JR., Circuit Court Judge     DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff, an inmate incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi, has filed a complaint pursuant to 42 U.S.C. § 1983 on June 4, 2010, against Circuit Judge Isadore W. Patrick. The plaintiff is seeking monetary damages.

### Background

According to the complaint, in 1996 the plaintiff was sentenced to five years probation by Judge Patrick following a conviction of aggravated assault. In 1998, the plaintiff claims that he was brought before Judge Patrick for violating his probation. At that time, the plaintiff states in his complaint that the defendant sentenced him to "spend months longer in prison than my given sentence." The plaintiff argues that Judge Patrick revoked his five-year probation, sentenced him to serve the remainder of his two-year probation in prison, and then sentenced him to an additional three years of probation. The plaintiff contends that the sentence imposed by Judge Patrick was unlawful because the Double Jeopardy Clause precluded such a sentence and the sentence was excessive. The plaintiff further states that he was unaware that Judge Patrick had imposed an unlawful sentence upon him until August 2009. As result of this unlawful sentence, the plaintiff states that he was forced to become homeless. The plaintiff files the instant § 1983 civil action against Judge Patrick for imposing an unlawful sentence.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly,

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendant.

The case law is well established that a judge enjoys absolute immunity from damages when performing his official duties. *See Stump v. Sparkman*, 435 U.S. 349 (1978). The United States Supreme Court stated that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985); *see also Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Because absolute immunity is properly viewed as "*immunity from suit* rather than a mere defense to liability," *Mitchell*, 472 U.S. at 526, it is appropriate for the district courts to resolve the question of absolute immunity as quickly as possible.

Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). The United States Court of Appeals for the Fifth Circuit in *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), has developed a four factor test to use in determining whether a judge acted within the scope of his judicial capacity. The four factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515.

Applying the four factors set forth in *Ballard* to the instant case, this Court finds that it is clear that Judge Patrick is entitled to judicial immunity. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Plaintiff states that the Circuit Judge subjected him to double jeopardy and directed that he serve an additional unlawful period of time. The actions of the defendant were clearly a part of a normal judicial function which arose out of his official capacity as a judge. Finally, there is no indication that the defendant's actions occurred outside the courtroom or his chambers/office. Consequently, this Court finds that plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Judge Patrick.

For all the forgoing reasons, the Court has determined that the plaintiff's § 1983 complaint is seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Therefore, the plaintiff's complaint will be dismissed with prejudice.

All pending motions are terminated with the issuance of this Memorandum Opinion.

A final judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 26th day of July, 2010.

                                                s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE